No. 41759.—Protest 804605-G of A. F. Sullivan Corp. (New York).

KEEFE, Judge: This case involves the duty demanded and collected upon 20 barrels of rye whisky which had been exported from warehouse. It appears from the record that the whisky was imported in barrels. At the time of importation it was entered for warehouse, and there gaged. Subsequently permission was granted to export the whisky in its original barrels. At the time of exportation the whisky in the 20 barrels was regaged. The original gage thereof was 970.5 gallons, 100 proof. Upon regage it was found that the whisky was 102 proof and that there was an outage of 69 gallons, which at 100 proof equaled 70.38 gallons. The normal outage upon the original gage of the whisky for the period that it remained in warehouse was figured at 4 percent, or 38.82 gallons. The collector allowed the normal outage and deducted it from the 70.38 gallons, thus obtaining an excessive outage of 31.56 gallons. Therefore as 970.5 gallons were imported and placed in warehouse and only 938.94 gallons exported, the collector assessed duty upon the difference, to wit, 31.56 gallons. The importer contends that no duty should have been assessed.

This case is on all fours with the case of *Sid Klein Corp.* v. *United States*, Abstract 36049. There the merchandise consisted of Australian whisky imported in casks and placed in bonded warehouse. It was subsequently withdrawn and exported from the United States. The collector assessed duty upon the excessive wantage as shown by the regage at the time of exportation. The court held that inasmuch as the original hogsheads were exported without any of the contents thereof having been withdrawn, it was unlawful to impose duties on the wantage, following the case of *Shaw* v. *United States*, T. D. 38664, and *Casazza & Bros.* v. *United States*, 13 Ct. Cust. Appls. 627, T. D. 41481.

Upon the authority of the cases cited we hold that the liquor tax of $5 per gallon under schedule 8 of the Tariff Act of 1930 and in section 600 of the Revenue Act of 1918, as amended by the Liquor Taxing Act of 1934, was illegally exacted upon the rye whisky in question. Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken.